A petition for rehearing has been filed directed principally to that portion of the opinion which holds that the leases in question are prima facie valid, though executed by the commissioner *Page 856 
of university and school lands. Counsel's contention, which he states is supported by the opinion of the trial court, is in his own language "that no school lands whether pasture, meadow or cultivated, can ever under any circumstances and at any time be sold or leased without a public auction, under § 161 of the Constitution. And it makes no difference whether these lands were meadow, pasture or cultivated lands before or after the adoption of the Constitution." It is said that the trial court was of the opinion that § 344, Compiled Laws of 1913, purports to authorize the board of university and school lands to lease school lands without a public auction as required by § 161 of the Constitution and that the statute is therefore unconstitutional. It will be seen that this argument proceeds upon the assumption that § 344 of the Compiled Laws for 1913 authorizes the private leasing of school lands without auction. We agree with counsel that § 161 of the Constitution plainly requires an auction. The article in the Code governing leasing, of which § 344 is a part, just as plainly requires an auction in every instance. It provides, among other things, for the appraisal of lands to be leased, for equalizing the appraisals, for fixing a minimum price below which the lands may not be leased, for advertising the auction sale, and it governs the manner and conduct of the leasing. That portion of § 344 which is assailed then provides: "In case any of the lands in any county may remain unleased after the date advertised for the leasing, the board shall have authority to make contracts of lease for said lands to the first applicant therefor at not less than the minimum price thereof." The requirement of the Constitution is that the lands shall only be leased at public auction after notice. Does exercise of the authority contained in the quoted portion of § 344 amount to a private leasing or to a leasing other than at public auction?
Under the other provisions of the statute, the terms of the auction are announced in such a manner that there is a solicitation of bids in an amount equivalent to or in excess of the minimum stated in the advertisement, the bids to be received within a stated period. The public is advised that the land will be leased during this period to the one offering the highest amount in excess of that minimum, or, on the failure of such bidder to qualify and enter into the contract, to the next lowest bidder; that if at the end of the stated period no one has offered *Page 857 
an amount equal to the minimum the leasing will be to the first person presenting himself and offering an amount equivalent to or greater than the minimum. The bidding remains competitive as to amount during the whole of the advertised period and remains open to the public and is still competitive as to time after the expiration of the period for receiving the augmenting bids. The failure of the public to bid during the stated period affords some warrant for an assumption that the lease is not worth the minimum, but it is still open at this figure and goes to the first bidder.
The essence of the constitutional requirement is that there shall be no leasing at any price until the public has had an opportunity to lease at the same or a greater price. The statute substantially provides for a continuing public auction until the leasing is effected. During the period advertised for receiving the augmenting bids, the bidding is open to all members of the public and thereafter it is equally open to the public at the minimum price — the leasing being authorized to the first person submitting a bid who will pay that price or more. The competition for the leasing does not cease at the expiration of the period set in the advertisement, nor is the public auction at an end. This statutory auction contains a feature somewhat analogous to the Dutch auction, whereby offers were solicited at a certain outside price and, if not forthcoming, then at a certain lower price. In theory it is calculated to secure the outside figure in a public competition. We are of the opinion that the statute is constitutional.
The petition for rehearing is denied.
CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE, and BURKE, JJ., and WOLFE, District J., concur. *Page 858